UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| reFX AUDIO SOFTWARE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13 CV 895 RWS |
| ) | |
| DOES 1–39, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before me on Defendant Doe 22's motion to quash the subpoena issued by Plaintiff reFX Audio Software Inc. and to dismiss this case for misjoinder under Federal Rule of Civil Procedure 21. For the reasons stated below, I will grant a severance based on misjoinder.

**BACKGROUND**

Plaintiff is the copyright holder of Nexus 2.2.0, an audio mixing software product. On May 10, 2013, Plaintiff initiated this action against Does 1-39 alleging copyright infringement pursuant to the United States Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq. Plaintiff identifies the Doe Defendants by their unique Internet Protocol (IP) Addresses, which were assigned to them by their Internet Service Providers (ISPs).

Plaintiff alleges that each Doe Defendant used a file sharing program known as BitTorrent to illegally obtain and distribute Nexus 2.2.0. Unlike traditional peer-to-peer file sharing programs, which required users to download a file from a single source, BitTorrent allows users to download many different pieces of a single file from many different sources. The file sharing process begins when the initial file-provider elects to share a file, called the "seed,"

1

with a torrent network. This seed file is broken down in to many pieces. As other users download the seed file, they become part of the network from where the file can be downloaded. This network of participants simultaneously sharing pieces of data is often referred to as a "swarm." Plaintiff alleges that the Doe Defendants simultaneously participated in the same swarm to unlawfully obtain and distribute Nexus 2.2.0.

Plaintiff sought to obtain defendants' identities through expedited discovery. On June 6, 2013, I granted Plaintiff's motion for leave to take expedited discovery and ordered that Plaintiff be allowed to serve Rule 45 subpoenas on the ISPs identified in the exhibit attached to the complaint in order to obtain the identity of each Doe.

On September 12, 2013, Doe Defendant 22 filed a motion to quash the subpoena and dismiss this case for misjoinder.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 20 states that defendants may be properly joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). Rule 20 is designed to promote judicial economy and trial convenience. See Mosley v. Gen. Motors, 497 F.2d 1330, 1332-33 (8th Cir. 1974). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The remedy for improper joinder of parties is not dismissal; instead, the court may drop a party or sever any claim against a party. Fed.R.Civ.P. 21

**DISCUSSION**

With the advent of BitTorrent technology and the subsequent copyright infringement litigation that has flooded courthouses across the nation, district courts have been divided as to whether many individuals alleged to have participated in the same BitTorrent swarm are properly joined under Rule 20. See Private Lenders Group, Inc. v. Does 1-17, No. 4:13–CV–285 (CEJ), 2013 WL 4522019 (E.D.Mo. Aug. 27, 2013) (collecting cases). I am persuaded by the many courts, including several in this District, that have found that the mere allegation that defendants participated in the same BitTorrent swarm does not establish that defendants' infringing activities arise from the same transaction or a series of closely related transactions. See, e.g., id.; West Coast Productions, Inc. v. Does 1-71, No. 4:12-CV-01551 (AGF), 2013 WL 5442785 (E.D.Mo. Sept. 30, 2013).

Plaintiff alleges that the Doe Defendants acted in concert when they joined a BitTorrent swarm to obtain and distribute their copyrighted material. However, each Doe Defendant joined the swarm on different dates, at different times, over a span of 27 days. While Plaintiff makes conclusory allegations that the Doe Defendants acted collectively, it has not alleged that the Doe Defendants' computers ever actually communicated with each other. Plaintiff does not plead facts showing that the Doe Defendants exchanged pieces of Plaintiff's copyrighted material with one another. For joinder to be appropriate, it is not enough to allege that defendants committed the same infringing activity in the same manner, there must some "transactional link" between the defendants. See Boy Racer v. Does 1-60, No. C 11–01738 SI, 2011 WL 3652521, at *4 ("Allegations that defendants used a single peer-to-peer network to download plaintiff's works—on different days, at different times, and through different ISPs—is insufficient to allow plaintiff

to litigate against sixty different defendants in one action."). Because any connection between the Doe Defendants' otherwise separate and independent acts is entirely speculative, joinder of Defendants under Rule 20(a) is not proper. See Hard Drive Productions, Inc. v. Does 1-188, 809 F.Supp.2d 1150, 1163 (N.D.Cal. 2011) ("The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.").

Even if joinder of the Doe Defendants in this action satisfied the requirements of Rule 20, I would exercise my discretion to sever in the interest of justice. Permitting joinder would undermine Rule 20's purpose of promoting fairness and judicial economy because it would result in a logistically unmanageable case. See ReFX Audio Software, Inc. v. Does 1–97, No. 4:13–CV–409 (CEJ), 2013 WL 3766571, at *3 (E.D.Mo. July 16, 2013). While each Doe Defendant is accused of similar behavior, they are likely to advance a unique defense. To maintain any sense of fairness, each individual Defendant would have to receive a mini-trial, involving different evidence and testimony. Furthermore, joinder of numerous Defendants in a single case may cause them prejudice. For example, the case could be hampered as each Defendant would have the right to attend all depositions and court proceedings with his or her attorney. The Doe Defendants—many of whom will be proceeding pro se—would suffer prejudice if forced to litigate as a group.

Accordingly,

**IT IS HEREBY ORDERED** that the June 6, 2013, order permitting limited discovery is [#8] **VACATED**.

**IT IS FURTHER ORDERED that** Defendant Doe 22's motion to sever [#21] is **GRANTED**.

**IT IS FURTHER ORDERED that** that Defendant Does 2-39 are **SEVERED** from this action and the claims against them are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED that** all other pending motions are **DENIED** as moot.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2013.